# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DOUGLAS C. CRAWFORD, BAR NO. 181.

No. 84860

FILED

JUL 01 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER GRANTING PETITION FOR TEMPORARY SUSPENSION AND RESTRICTION ON ACCESS TO CLIENT FUNDS

This matter involves competing petitions regarding Nevada-licensed attorney Douglas Crawford. Bar counsel has filed a petition under SCR 102(4), asking this court to impose an immediate temporary suspension and enjoin Crawford from making withdrawals from accounts in which he is currently holding any client funds pending resolution of formal disciplinary proceedings against him. Crawford opposes that petition and alternatively petitions this court under SCR 117(3) to transfer him to disability inactive status pending a determination as to whether he is incapable of practicing law based on a disability due to mental or physical infirmity, illness, or addiction. Bar counsel opposes Crawford's petition.

We first address Crawford's request under SCR 117(3). His petition does not satisfy the requirements of that rule. In particular, Crawford's petition does not argue, and his supporting mental health letters do not establish, that the alleged disability incapacitates him from defending against a disciplinary proceeding or investigation. *See* SCR 117(3) ("If, during the course of a disciplinary proceeding or investigation, *the attorney contends* in a petition or joint petition filed with the supreme court *that he or she is suffering from a disability* due to mental or physical infirmity, illness, or addiction, *which makes it impossible for the attorney to adequately defend the disciplinary proceeding*, the supreme court *shall* enter an order transferring the attorney to disability inactive status . . . .''

 

22-20863

(emphases added)). We therefore deny Crawford's petition for transfer to disability inactive status.

Turning to bar counsel's petition under SCR 102(4), we grant the petition. The petition and supporting documentation show that Crawford "appears to be posing a substantial threat of serious harm to the public." SCR 102(4)(b). In particular, he allegedly has engaged in conduct over an extended period of time that violates RPC 1.8(j) (sexual relations with a client), RPC 8.4(a) (violation or attempted violation of the RPC), and RPC 8.4(b) (criminal act that reflects adversely on fitness as a lawyer). Although Crawford argues that he currently does not pose a "substantial threat" of harm because he has voluntarily ceased practicing law, we disagree. Crawford's actions in that respect notwithstanding, they are voluntary. Absent action by this court, he could resume the practice of law at any time. The threat of harm to the public has not been abated. And the potential harm he poses to the public is "serious." In particular, some of the allegations involve sexual conduct toward clients in violation of RPC 1.8(j). The allegations and supporting documentation thus satisfy SCR 102(4)(b). We further conclude that Crawford's handling of client funds should be restricted. See SCR 102(4)(c) (providing that the court may place restrictions on an attorney's handling of funds entrusted to the attorney).

Accordingly, attorney Douglas C. Crawford is temporarily suspended from the practice of law, pending the resolution of formal disciplinary proceedings against him. In addition, pursuant to SCR 102(4)(c), we impose the following conditions on Crawford's handling of funds entrusted to him: Crawford is prohibited from making withdrawals from accounts in which he is currently holding any client funds, except upon written approval of bar counsel.

The State Bar shall immediately serve Crawford with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Crawford's place of employment or residence, or by publication. When served on either Crawford or a depository in which he maintains any accounts holding client funds, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(c). The parties shall comply with the provisions of SCR 115 and SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.         _____, J.
Hardesty                                 Stiglich

_____, J.         _____, J.
Cadish                                    Pickering

_____, J.
Herndon

cc:    Bar Counsel, State Bar of Nevada
       Rob W. Bare
       Chair, Southern Nevada Disciplinary Board
       Executive Director, State Bar of Nevada
       Admissions Officer, United States Supreme Court

---

[1]The Honorable Abbi Silver, Justice, voluntarily recused herself from participating in this matter. This is our final disposition of this matter. Any new proceedings shall be docketed under a new docket number.